## CRANDAL and others *v.* PARKER CARRIAGE GOODS Co.

*(Circuit Court, N. D. New York. July 7, 1884.)*

1. PATENT LAW—REISSUED PATENT—DUTIES OF COURTS.
   When it can be seen that the patentee seeks, by apt words of description, to secure what he has honestly invented and nothing more, the courts should hesitate to regard with favor the accusations now so freely made against reissued patents.

2. SAME—IMPROVEMENT IN BOX-LOOPS, ETC.
   Reissued patent for "improvement in box-loops for carriage tops," *held* valid: following *Crandal* v. *Watters*, 20 Blatchf. C. C. 97; S. C. 9 FED. REP. 659.

In Equity.

*Neri Pine* and *Charles M. Stone,* for complainants.

*Stem & Peck,* for defendant.

COXE, J. The complainants are owners of reissued letters patent, granted to Charles H. Davis for an "improvement in box-loops for carriage tops. The validity of the patent was adjudicated in the case of *Crandal* v. *Watters,* 20 Blatchf. C. C. 97; S. C. 9 FED. REP. 659. Although the issues presented are not in all respects identical, the reasoning of that case must determine the present controversy.

It is argued that the patent is void for want of novelty, and several patents, not before the court in *Crandal* v. *Watters,* are introduced in support of this defense. The patent issued to E. M. Blodgett July 25, 1865, for an "improvement in gaiter-fastenings," describes an apparatus bearing some similitude to the complainants' invention. The devices of the other patents referred to are dissimilar in many important particulars. The object of the Blodgett invention is "to apply the staple-fastenings of cloth-gaiters to the flap of the same in such a manner that the cloth about these fastenings will not fray out and

present an unsightly appearance." To one of the gaiter flaps is stitched a thin strip of spring metal with pointed ends slightly projecting. To the other flap a strip of thin metal is attached having flat staples riveted to it, or fastened with tangs. These staples receive the pointed ends of the strip on the opposite flap. In size, shape, object, position, and in the mode of its operation the Blodgett apparatus is unlike the one described in the patent of the complainants. The former would not, it is thought, suggest the latter to a skilled mechanic. To apply the words of Judge BLATCHFORD: "This could not be used as a substitute for the plaintiff's loop without invention. It is easy after the desired thing is obtained to see how an old thing could have been adapted or altered."

Again, it is urged that the patent is void because improperly reissued. The court, in the *Watters Case,* passed upon this question also, but it is insisted that as the decision was rendered before the new doctrine of *Miller* v. *Brass Co.* 104 U. S. 350, was promulgated, a different view should now be taken. I cannot think so. The opinion of Judge BLATCHFORD is very clear and positive upon this question. He says, (page 661:)

"The claim of the original patent was so framed as to seem to require that the loop should be actually applied to a carriage top, in order to infringe. It also required that the metal plate, C, should be used in such application. Makers of loops were not makers of carriages, and it was obvious that the invention was really of the loop ready to be affixed, and that the inventor was entitled to have a claim which would reach the maker of the loop. Besides, even if the claim of the original would have extended to the maker of the loop, it might have been questioned whether it would reach him when he made a loop without the plate, C: and it was plain that that was only a stiffening or strengthening plate, an adjunct, making the article better, perhaps, but yet not of the essence of the invention. The case was, therefore, one for a reissue. * * * It was no departure and no new matter to make the use of the plate, C, optional."

With the patent thus construed, the doctrine of *Miller* v. *Brass Co.* has little application.

Where it can be seen that the patentee seeks, by apt words of description, to secure what he has honestly invented and nothing more, the court should hesitate to regard with favor the accusations now so freely made against reissued patents.

The evidence of infringement might have been more definite and certain, but I am of the opinion that it is sufficient.

The complainants are entitled to the usual decree.